# Greenhalgh Company v. Farmers' National Bank, Appellant.

*Banks and banking—Depositor—Cashier—Balance in pass book—Estoppel.*

1. In an action by a depositor against a bank to recover a balance of deposit, the case is for the jury where the plaintiff claims that three items of deposit were made in the course of banking business, while the defendant claims that the three items were not deposited, but were in fact private loans to the cashier of the bank, and the evidence as to the respective claims is conflicting.

2. In such a case the trial judge commits no error in refusing a point to the effect that if the jury found that the general manager of the plaintiff company and the cashier of the bank made an arrangement by which the amount of money represented by the three disputed checks was intended as an individual loan to the cashier and was received by him as such, there could be no recovery. The rights of the plaintiff and the liability of the bank did not necessarily depend upon what the respective officers did, or attempted to do, because they may have acted outside of the scope of their authority by undertaking to do what they had no right or power to do.

3. A balance struck in a pass book is in effect an account stated between a bank and its depositor, which may be impeached for fraud or error, but unless so impeached the bank is estopped from denying its liability as shown by the account so stated by it.

4. Whether a bank is or is not estopped from denying its liability for a balance stated by reason of fraud or error depends upon the facts, which are for the jury. In such a case the burden is on the bank attempting to evade responsibility because the presumption is that the balance stated by its own officers is correct and truly represents the account between the parties.

Argued Oct. 7, 1909. Appeal, No. 195, Oct. T., 1909, by defendant, from judgment of C. P. Venango Co., Jan. T., 1909, No. 17, on verdict for plaintiff in case of Greenhalgh Company v. The Farmers' National Bank. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due plaintiff as a depositor. Before CRISWELL, P. J.

At the trial it appeared that the plaintiff deposited on

June 6, 1906, and October 5, 1906, two checks for $3,000 each to the order of W. C. McKee, cashier, and on November 23, 1906, one for $1,500 to the order of W. C. McKee, individually. The plaintiff contended that these checks were payments to the bank in the nature of deposits. The defendant claimed that they were individual loans by the plaintiff to the cashier of the bank. The evidence on the subject was conflicting.

Other facts appear by the opinion of the Supreme Court.

Defendant presented the following points:

1. Under the pleadings and evidence, the plaintiff is not entitled to recover. *Answer:* Refused. [8]

2. If the learned court refuses to affirm the foregoing point, then further instructions on behalf of the defendant is asked as follows: The plaintiff has failed to produce sufficient evidence to warrant the jury in finding that W. C. McKee, in virtue of his office as cashier of defendant bank, had authority to make the alleged contract herein sued upon. *Answer:* Refused as applicable to the pleadings and evidence. [9]

3. Plaintiff has failed to produce sufficient evidence to warrant the jury in finding that the proper officers of the defendant bank legally ratified the alleged actions of W. C. McKee, in making the alleged special contract as set forth in the plaintiff's statement of claim. *Answer:* Refused as applicable to the pleadings and evidence. [10]

9. If the jury finds that pursuant to an arrangement made between W. C. McKee and Ella M. Greenhalgh, general manager and treasurer of plaintiff company, the three checks of June 26, October 5, and November 23, 1906, aggregating $7,500, were intended to be loans to, and as such received by W. C. McKee, individually, the plaintiff is not entitled to recover. *Answer:* Refused. [11]

Verdict and judgment for plaintiff for $5,594.40. Defendant appealed.

*Errors assigned* among others were (8–11) above instructions, quoting them.

*J. S. Carmichael,* with him *W. J. Breene,* for appellant.— The rule that knowledge or notice of a fraud to an agent in the

·course of his employment is notice to the principal does not apply where the agent, through notice to whom knowledge is to be imputed the plaintiff, is himself the author of the fraud: Gunster v. Scranton Illuminating Heat & Power Co., 181 Pa. 327; United Security Life Ins. & Trust Co. v. Central Nat. Bank, 185 Pa. 586.

The knowledge of an agent, even in the absence of fraud, is not the knowledge of the principal if the former is acting beyond the scope of his authority: Weisser v. Denison, 10 N. Y. 68; Welsh v. German-American Bank, 73 N. Y. 424; Frank v. Chemical Nat. Bank, 84 N. Y. 209; Phila. Bank v. Officer, 12 S. & R. 49.

The contract being special and not implying authority of the cashier or bank in due course of business, the burden rested under the pleadings upon the plaintiff to show authority for such contract and in this it entirely failed.

*Geo. E. Reynolds*, with him *F. A. Sayers*, for appellee.—A balance struck in a pass book is in effect an account stated between a bank and its depositor, which may be impeached for fraud or error, unless an estoppel exists: Leather Manufacturers' Nat. Bank v. Morgan, 117 U. S. 96 (6 Sup. Ct. Repr. 657).

It is submitted the making of entries being in the line of the cashier's general authority and the money having actually been received by the defendant bank, his excess of authority in particular instances is binding upon the bank unless the plaintiff had knowledge of the excess of authority: Hill v. Trust Co., 108 Pa. 1; Brooke v. N. Y., L. E. & W. R. R. Co., 108 Pa. 529; Nat. Bank of Boyertown v. Fridenberg, 206 Pa. 243.

It is the established doctrine of this state that knowledge of an agent acting in his own antagonistic interest cannot be imputed to the principal: Gunster v. Scranton Illuminating Heat & Power Co., 181 Pa. 327; United Security Life Ins. & Trust Co. v. Bank, 185 Pa. 586; Myers v. Bank, 193 Pa. 1; McNeely Co. v. Bank, 221 Pa. 588.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

This was a case for the jury, and after a careful considera-

tion of the record here presented, including the charge of the court and the questions raised by the assignments, we have not been convinced that any reversible error was committed in its submission.  The appellee is a trading corporation and the appellant is a national bank with authority to receive moneys on deposit and do a general banking business.  The appellee opened an account with the appellant bank and made deposits from time to time in the ordinary course of banking—at least such is the contention of appellee.  The first three items of credit claimed by the plaintiff company are denied by the defendant bank as a liability against it.  The defense is that these items were not received by the bank as deposits, but were intended as private loans to the cashier of the bank and in fact were so used.  The case proceeded to trial upon the controverted questions of fact material to this issue.  A large amount of evidence was introduced bearing directly or incidentally upon the question at issue, with the result that a verdict was returned in favor of the plaintiff.

The appellant contends that the judgment should be reversed for several reasons, the most important of which may be set forth as follows: First, under the pleadings and evidence the contract sued on was special, not made in the ordinary course of banking business nor within the scope of the cashier's authority, and that by reason thereof judgment should have been directed for defendant.  This position is clearly not tenable.  Whether the controverted items were deposited in the usual and ordinary course of banking and intended as a credit to the account of the plaintiff company or were private loans to the cashier were the important questions involved in the issue and they were for the jury.  It would have been clear error for the court under the evidence to have held as a matter of law that no liability attached to defendant.  Second, that the court erred in refusing to affirm defendant's ninth point, which requested the trial judge to instruct the jury if they found that the general manager and treasurer of the plaintiff company and the cashier of the defendant bank made an arrangement by which the amount of money represented by the three disputed checks was intended as an individual

loan to the cashier and was received by him as such there could be no recovery. The learned court was clearly right in refusing to affirm this point as submitted. All of the facts set forth in the point might be true without affecting either the rights of the plaintiff company or the liability of the defendant bank. The rights of the one company and the liability of the other did not necessarily depend upon what the respective officers did, or attempted to do, because they may have acted outside of the scope of their authority by undertaking to do what they had no right or power to do. The jury either did not believe any such arrangement had been made or found that these officers had no authority to make it if attempted. To have affirmed the point as submitted would have been misleading and would not have correctly stated the law applicable to the facts of the case. Third, that the court erred in introducing the doctrine of estoppel based upon the entry by the cashier of the items of credit claimed in the bank book of the appellee and upon the balances therein stated. We do not agree with this position under the facts of the present case. A balance struck in a pass book is in effect an account stated between a bank and its depositor, which it is true may be impeached for fraud or error, but unless so impeached the bank is estopped from denying its liability as shown by the account so stated by it. This doctrine is of universal application. Whether a bank is or is not estopped from denying its liability for a balance stated by reason of fraud or error depends upon the facts, which are for the jury. In such a case the burden is on the bank attempting to evade responsibility, because the presumption is that the balance stated by its own officers is correct and truly represents the account between the parties. The learned court below very carefully explained the doctrine of estoppel as applied to the facts of the case, and we find no error in the charge in this respect. Fourth, it is complained that the charge was confusing and contained extraneous matters, and that there was not an adequate and judicial presentation of the defendant's case in its submission to the jury. Before passing upon the merits of the assignments which raise these questions we have carefully examined the testimony as

well as the charge of the trial judge for the purpose of ascertaining whether any injustice was done appellant by the alleged errors complained of, and as a result have concluded not only that these assignments are without merit but that the learned court fully, fairly and intelligently explained the law applicable to the case and that the manner of its submission is free from just criticism.

Assignments of error overruled and judgment affirmed.